In the Matter of the Claim of LAWRENCE D. HAVENS, SR., Appellant. COMMISSIONER OF LABOR, Respondent. [714 NYS2d 799] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 2000, which, *inter alia*, ruled that claimant's request for a hearing was untimely.

By initial determination dated and mailed on May 21, 1999, claimant, a construction worker, was informed that he was ineligible to receive unemployment insurance benefits effective in March 1999 because he was not totally unemployed. It was also determined that claimant made a willful misrepresentation and was charged with a recoverable overpayment of $2,190. Claimant, who is illiterate, admitted receiving the determination in May 1999 and having it read to him by his wife, who reads all his mail and handles all paperwork. Claimant's wife testified that she read the front of the determination but not the back (where claimant's appeal rights were explained), because she "was really busy." Notably, the front of the determination form stated: "TO PROTECT YOUR RIGHTS, READ THE BACK OF THIS FORM." Claimant did not request a hearing until September 1999.

Inasmuch as claimant did not provide a reasonable excuse for failing to request a hearing within the 30-day statutory time period provided by Labor Law § 620 (1) (a), we find no reason to disturb the decision of the Unemployment Insurance

Appeal Board that claimant's request for a hearing was untimely (*see, Matter of Mostafa [Commissioner of Labor]*, 265 AD2d 793; *Matter of McGee [Commissioner of Labor]*, 256 AD2d 710, *lv denied* 93 NY2d 803). Significantly, claimant concedes receiving the determination and claims no physical or mental incapacity as contemplated by Labor Law § 620 (1) (a). With respect to claimant's illiteracy, the record supports the Board's finding that claimant's wife acted as his agent with respect to written documents and he is bound by her failure to read the back of the form and properly inform him of his appeal rights (*cf., Matter of Hart [Hudacs]*, 199 AD2d 667; *see generally, Matter of Davis [Hudacs]*, 192 AD2d 1000).

We have examined claimant's remaining arguments, including his due process objection, and find them to be wholly unpersuasive.

Peters, J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.